**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMIE CANDLER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO.** |
| vs. | § | |
| | § | **3:13-cv-01306-B** |
| **URS CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT URS CORPORATION'S MOTION TO DISMISS
AND ALTERNATIVE REQUEST FOR MANDAMUS**

Date: June 21, 2013                                   Respectfully submitted,

/s/Britta Erin Stanton
Britta Erin Stanton
Texas State Bar No. 24036976
Gail A. Hayworth
Texas State Bar No. 24074382
**LYNN TILLOTSON PINKER & COX, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 - Telephone
(214) 981-3839 - Facsimile

**ATTORNEY FOR DEFENDANT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... ii

I.     INTRODUCTION ....................................................................................................1

II.    BACKGROUND .....................................................................................................1

        A.     THE PARTIES .............................................................................................1

        B.     CANDLER'S SOX WHISTLEBLOWER COMPLAINT TO THE
             SECRETARY OF LABOR ...........................................................................2

III.   ARGUMENT AND AUTHORITIES......................................................................4

        A.     LEGAL STANDARD ...................................................................................4

        B.     THE COURT SHOULD DISMISS CANDLER'S COMPLAINT FOR
             LACK OF SUBJECT MATTER JURISDICTION. ............................................5

             1.    *Candler Waived Any Right to* De Novo *Review in
                   Federal District Court* ....................................................................5

             2.    *Under Section 1514A(b)(1)(B), Candler's Bad-Faith
                   Delay Deprives this Court of Jurisdiction* .....................................5

        C.     ALTERNATIVELY, THE COURT SHOULD STAY THIS CASE AND
             ISSUE A WRIT OF MANDAMUS TO THE ARB TO ISSUE A FINAL
             DECISION BY A CERTAIN DEADLINE BECAUSE LITERAL
             APPLICATION OF SECTION 1514A(B)(1)(B) TO THIS CASE
             LEADS TO ABSURD RESULTS ...................................................................8

IV.  CONCLUSION........................................................................................................11

CERTIFICATE OF SERVICE .........................................................................................12

# **TABLE OF AUTHORITES**

**CASES**

*Allen v. Admin. Review Bd.*,
 514 F.3d 468 (5th Cir. 2008) ................................................................................ 2, 5

*Allen v. Stewart Enterprises, Inc.*,
 2:05-cv-04033 (E.D. La. Apr. 6, 2006) ................................................................ 8, 10

*Arena v. Graybar Elec. Co., Inc.*,
 669 F.3d 214 (5th Cir. 2012) .................................................................................... 4

*Hanna v. WCI Communities, Inc.*,
 348 F. Supp. 2d 1322 (S.D. Fla. 2004) .................................................................. 10

*Menchaca v. Chrysler Credit Corp.*,
 613 F.2d 507 (5th Cir. 1980) .................................................................................. 4, 5

*Stone v. Duke Energy Corp.*,
 2004 WL 1834597 (W.D. N.C. June 10, 2004) .................................................... 10

*Stone v. Instrumentation Lab. Co.*,
 591 F.3d 239 (4th Cir. 2009) .................................................................................. 8, 9

*Sylvester v. Parexel Int'l, LLC*,
 ARB No. 07-123, ALJ Nos. 2007-SOX-39, 42, (ARB May 25, 2011) .................. 2

*United States v. Retirement Servs. Group, et al.*,
 302 F.3d 425 (5th Cir. 2002) .................................................................................... 8

*Welch v. Chao*,
 536 F.3d 269 (4th Cir. 2008) .................................................................................... 2

*Williamson v. Tucker*,
 645 F.2d 404 (5th Cir. 1981) .................................................................................... 4


**STATUTES**

18 U.S.C. § 1341 ................................................................................................................ 2

18 U.S.C. § 1343 ................................................................................................................ 2

18 U.S.C. § 1344 ................................................................................................................ 2

18 U.S.C. § 1348 ................................................................................................................ 2

18 U.S.C. § 1514A ................................................................................................................... passim

29 C.F.R. § 1980.102(b)(1) ................................................................................................................ 2

29 C.F.R. § 1980.106 .................................................................................................................... 3, 6

29 C.F.R. § 1980.110(a) .................................................................................................................... 4

29 C.F.R. § 1980.114 .................................................................................................................. 4, 10

68 F.R. § 31860 ............................................................................................................................... 10

TO THE HONORABLE COURT:

Defendant URS Corporation ("URS") files this brief in support of its Rule 12(b)(1) motion to dismiss Plaintiff Jamie Candler's ("Candler") Complaint and Jury Demand ("Complaint"):

## I.     INTRODUCTION

The Court should dismiss Candler's Complaint for lack of subject matter jurisdiction because Candler has (1) waived any right to *de novo* review in federal district court provided by 18 U.S.C. § 1514A(b)(1)(B) and (2) engaged in bad-faith delay, which, by the statute's terms, renders her ineligible for such review.  Alternatively, even if this Court finds that Candler has not waived her right to *de novo* review in federal district court and that she has not engaged in disqualifying bad-faith delay, the Court should stay this case and issue a writ of mandamus compelling the Administrative Review Board ("ARB") to complete its review and issue a final decision by a certain deadline, because literal application of Section 1514A to this case would produce an absurd result unintended by Congress.

## II.     BACKGROUND

**A.     THE PARTIES**

Defendant URS Corporation, an engineering firm, hired Plaintiff Jamie Candler on October 6, 1998 as a clerical assistant.  In 2000, Candler became a Staff Accountant, and in 2008, Candler became the Office Financial Manager ("OFM") for URS's Dallas office.  The OFM assists the Office Manager in financially running the office; the OFM monitors projects and staff, and assists in forecasting and budgeting for the office.

After URS acquired privately-held Lopez Garcia Group ("LGG")—thereby doubling the size of the office's employees and active projects—it became clear that Candler could not

effectively handle the OFM role and that the Dallas financial reports, for which she was responsible, were unreliable. Candler accordingly was demoted from OFM to Staff Accountant/Team Lead in September 2009. Despite her decreased level of responsibility, Candler received negative reviews and was eventually put on a performance improvement plan.

In 2009 and 2010, the URS Dallas office suffered tremendously, in part because of the economic recession and resulting effect on construction and engineering projects in Texas, and in part because of significant losses incurred on several projects managed by the Dallas office. The Dallas office failed to meet all of its financial goals. As a result, and in an effort to reduce the operating expenses of the Dallas office, URS engaged in a reduction in force in January 2011, eliminating several employees' positions. Due to these factors and to her poor performance, Candler was included in the reduction in force, along with seven other full-time positions.

**B.    CANDLER'S SOX WHISTLEBLOWER COMPLAINT TO THE SECRETARY OF LABOR**

On May 26, 2011, Candler filed a complaint against URS under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A, with the Department of Labor, alleging that URS had retaliated against her in violation of SOX.[1] Following an investigation by a duly-authorized investigator,

---

[1]  To prevail on her SOX whistleblower claim brought under 18 U.S.C. § 1514A, Candler must prove by a preponderance of the evidence that (1) she engaged in protected activity; (2) URS knew that she engaged in the protected activity; (3) she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action. *Allen v. Admin. Review Bd.*, 514 F.3d 468, 475-76 (5th Cir. 2008).

To show that she engaged in SOX-protected activity, Candler must prove that she "reasonably believed" that the complained-of conduct constitutes a violation of one of the laws enumerated in Section 1514 (*i.e.*, 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire, radio, TV fraud), 1344 (bank fraud), 1348 (securities fraud), or any rule or regulation of the Securities and Exchange Commission ("SEC"), or any provision of federal law relating to fraud against shareholders). *See* 18 U.S.C. § 1514A(a)(1); 29 C.F.R. § 1980.102(b)(1); *Sylvester v. Parexel Int'l, LLC*, ARB No. 07-123, ALJ Nos. 2007-SOX-39 and 42, slip op. at 14 (ARB May 25, 2011). In other words, Candler must show how the actions she purportedly complained of can reasonably be regarded as violating any of the laws enumerated in § 1514A. *See Welch v. Chao*, 536 F.3d 269, 279 (4th Cir. 2008) (affirming ARB ruling that complainant failed to establish that he engaged in protected activity where complainant failed to explain how the actions he complained about could reasonably be regarded as violating any of the laws in §1514A).

the Secretary of Labor dismissed Candler's complaint on October 20, 2011, finding "there is no reasonable cause to believe URS violated SOX." *See* App. at 1-4 (OSHA Findings).

Filing an arguably untimely notice of appeal,[2] Candler objected to the Secretary's findings and requested a hearing before an Administrative Law Judge ("ALJ") on November 19, 2011. After two continuances,[3] a hearing was held before ALJ Rosenow on July 26-27, 2012. Before consuming Judge Rosenow's time and resources to prepare for, conduct, and issue detailed findings of fact and conclusions of law following the hearing, Candler represented to Judge Rosenow and to URS that she was forgoing the federal-district-court review provided for under 18 U.S.C. § 1514A(b)(1)(B) and opting instead to proceed with the hearing before Judge Rosenow.

After the two-day hearing, in which Candler called four witnesses and cross-examined URS's three witnesses, Candler engaged in post-trial briefing, attempting to obtain URS's privileged materials. Judge Rosenow denied Candler's request on September 4, 2012. *See* App. at 5-13 (ALJ's Sept. 4, 2012 Order denying Candler's Mot. to Compel). After obtaining an extension, Candler engaged in post-trial briefing regarding the merits of her claim. *See* App. at 14 (Letter Agreement regarding briefing schedule). On March 6, 2013, Judge Rosenow issued an 83-page Decision and Order, making extensive findings of fact and conclusions of law and denying Candler's complaint. *See* App. at 15-100 (ALJ Decision and Order).

---

[2] Under 29 C.F.R. § 1980.106, Candler was required to file any objections and/or a request for a hearing on the record within 30 days of receipt of the Secretary's findings, whereby "[t]he date of the postmark, facsimile transmittal, or e-mail communication will be considered to be the date of filing." *See* 29 C.F.R. § 1980.106. Accordingly, the deadline to file Candler's objection and/or request for a hearing was November 19, 2011. *See* App. at 101-107 (ALJ's Order on Mot. to Dismiss for Untimely Filing at 3) (holding that the applicable deadline was 30 days, or November 19, 2011). Judge Rosenow found that there was a material dispute of fact whether Candler timely filed her objection by November 19, 2011—given that two postmarks (one, November 19; the other, November 21) were stamped on the envelope. *See id.* at 103-04.

[3] App. at 108-11 (ALJ Apr. 6. 2012 Order Rescheduling Hearing); App. at 112-15 (ALJ Apr. 24, 2012 Order Rescheduling Hearing).

Candler petitioned for review of Judge Rosenow's decision to the ARB on March 20, 2013.[4]  *See* App. at 116-21 (Petition for Review to ARB with postmark).  On March 26, 2013, the ARB accepted Candler's petition for review and issued a briefing schedule under which Candler would file her appellate brief by April 19, 2013.  *See* App. at 122-28 (ARB Notice of Appeal and Order Establishing Briefing Schedule).

On March 29, 2013—three days after the ARB agreed to hear her petition for review—Candler filed her Complaint in this Court, seeking *de novo* review of her SOX whistleblower claim under 18 U.S.C. § 1514A (b)(1)(B).[5]

### III.  ARGUMENT AND AUTHORITIES

**A.  LEGAL STANDARD**

In ruling on a Rule 12(b)(1) challenge to the court's subject matter jurisdiction, the court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  When a party challenges the court's subject matter jurisdiction by denying or controverting the allegations of jurisdiction based on facts outside the complaint, it is a "factual attack" and the court may consider matters that go beyond the pleadings, such as affidavits and testimony.  *E.g., Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  In a factual attack, the party asserting federal

---

[4]  *See* 29 C.F.R. § 1980.110(a) ("To be effective, a petition [for review] must be filed within 10 business days of the date of the decision of the administrative law judge.").

[5]  On April 11, 2013, the ARB received notification that Candler filed her SOX whistleblower claim in federal court, and on April 23, 2013, the ARB issued an Order to Show Cause why Candler's appeal to the ARB should not be dismissed pursuant to 29 C.F.R. § 1980.114.  On May 6, 2013, URS filed a Response, arguing that this Court does not have jurisdiction over Candler's claim and outlining the same arguments made in this Motion.

jurisdiction bears the burden of establishing by a preponderance of the evidence that the court has jurisdiction.  *E.g., Menchaca*, 613 F.2d at 511.

**B.     THE COURT SHOULD DISMISS CANDLER'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION.**

### *1.     Candler Waived Any Right to De Novo Review in Federal District Court.*

The Court should dismiss Candler's Complaint for lack of subject matter jurisdiction because Candler waived any right she might have had to *de novo* review in federal district court. Before consuming the time and resources of the Judge Rosenow, Candler represented to Judge Rosenow and to URS that she was choosing to forego the federal-district-court review provided for under Section 1514A(b)(1)(B) in order to engage in the trial and adjudication of her claim before Judge Rosenow.  Accordingly, because Candler has waived any right to review in this Court that she might have had under Section 1514A(b)(1)(B), the Court should dismiss Candler's Complaint.

### *2.     Under Section 1514A(b)(1)(B), Candler's Bad-Faith Delay Deprives this Court of Jurisdiction.*

The Court should dismiss Candler's Complaint because Candler has engaged in bad-faith delay, which, by the terms of the jurisdictional statute, deprives this Court of jurisdiction over Candler's Complaint.

The Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, provides employees of publicly traded companies with whistleblower protection, prohibiting employers form terminating, or otherwise retaliating against, such employees when they report "potentially unlawful conduct" that has occurred or is in progress.. *See* 18 U.S.C. § 1514A(a); *Allen v. Admin. Review Bd.*, 514 F.3d 468, 475-76 (5th Cir. 2008).  In order to pursue an alleged violation of § 1514A(a), an

employee or former employee of a publicly-traded company must adhere to the procedure set forth in § 1514A(b), which states that an aggrieved individual may seek relief by:

(A) Filing a complaint with the Secretary of Labor; or

(B) If the Secretary has not issued a final decision within 180 days of the filing of the complaint ***and there is no showing that such delay is due to bad faith of the claimant***, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.

18 U.S.C. § 1514A(b)(1) (emphasis added). In short, Candler is only entitled to *de novo* review in federal district court if the Secretary has not issued a final decision with sufficient speed ***and*** the delay is not due to Candler's bad faith.

Here, it is undisputed that the Secretary has not issued a final decision within 180 days of Candler's filing her complaint with the Department of Labor. Candler filed her complaint with the Secretary on May 6, 2011, and the Secretary has not yet issued a final decision, because, on March 26, 2013, the ARB accepted Candler's petition for review of Judge Rosenow's denial of her complaint.[6]

However, here, there is also a showing that the delay is due to Candler's bad faith. After its investigation, OSHA denied Candler's complaint on October 20, 2011. Candler then waited until the last day—November 19, 2011—to file her appeal and request a hearing before an ALJ. Despite the fact that 180 days had already passed since the filing of her complaint, Candler proceeded to fully and thoroughly litigate her claim before the ALJ—without any indication of urgency. Candler's trial was continued twice, either by Candler herself or without Candler's objection. *See* App. at 108-11 (ALJ Apr. 6. 2012 Order Rescheduling Hearing); App. at 112-15

---

[6] *See* App. at 122-28 (ARB's notice of acceptance of petition for review and setting briefing schedule); 29 C.F.R. § 1980.106(a) (providing that if the ARB does not accept the petition for review, then the decision of the ALJ will become the final order of the Secretary, but if the ARB accepts a complainant's petition for review, the ALJ's decision will be inoperative unless and until the ARB issues an order adopting the decision).

(ALJ Apr. 24, 2012 Order Rescheduling Hearing). And then, sixteen days before trial, Candler moved for another continuance based on the asserted unavailability of a witness, *see* App. at 129-30 (Candler's Mot. for a Continuance), although Candler later withdrew this request.

Notably, before Judge Rosenow devoted significant time and resources to hearing and ruling on Candler's complaint, Candler represented to Judge Rosenow and to URS that she was foregoing *de novo* review in federal district court and instead proceeding with the hearing before Judge Rosenow. After trial, Candler engaged in extensive post-trial briefing in an attempt to obtain URS's privileged materials, which Judge Rosenow denied. *See* App. at 5. Candler also requested and obtained an extension to file her post-trial briefing on the merits of her claim. App. at 14.

After Judge Rosenow issued his Order denying Candler's complaint, Candler again waited until the last day to request review of Judge Rosenow's decision by the ARB. *See* App. at 116-21 (Candler's petition for ARB review). On March 26, 2013, the ARB accepted Candler's petition for review and established an expeditious briefing schedule whereby Candler was to file her appellate brief by April 19, 2013. *See* App. at 122-28. On March 29, 2013—three days after the ARB accepted her petition for review and established a briefing schedule—Candler filed her Complaint in this Court.

In filing this federal action, it is obvious that Candler is <u>not</u> trying to obtain a fast resolution of her claim—which is the very purpose of Section 1514A(b)(1)(B)'s *de novo* review in federal district court. Rather, Candler is clearly seeking two bites at the apple—two trials—and, if anything, to <u>slow down</u> resolution of her claim and increase the costs of litigation so as to increase the pressure on URS to settle. Because Candler invokes Section 1514A(b)(1)(B)

jurisdiction in bad faith based on her own bad-faith delay, she is not entitled to *de novo* review in federal district court.

C.  **ALTERNATIVELY, THE COURT SHOULD STAY THIS CASE AND ISSUE A WRIT OF MANDAMUS TO THE ARB TO ISSUE A FINAL DECISION BY A CERTAIN DEADLINE BECAUSE LITERAL APPLICATION OF SECTION 1514A(B)(1)(B) TO THIS CASE LEADS TO ABSURD RESULTS.**

Alternatively, even if this Court finds that Candler has not waived her right to *de novo* review in federal district court and that she has not engaged in disqualifying bad-faith delay, the Court should stay this case and issue a writ of mandamus compelling the ARB to complete its review and issue a final decision, because literal application of Section 1514A(b)(1)(B) to this case would produce an absurd result unintended by Congress.

A court must, if possible, interpret statutes to avoid absurd results. *See United States v. Retirement Servs. Group, et al.*, 302 F.3d 425, 435 (5th Cir. 2002) ("This court will follow the literal, plain language of a statute unless doing so would lead to an absurd result."); *id.* (interpreting statute to avoid absurd results); *Allen v. Stewart Enterprises, Inc.*, 2:05-cv-04033 (E.D. La. Apr. 6, 2006) (slip op. at 7) (interpreting 1514A so as to avoid absurd result).[7]

The purpose of Section 1514A(b)'s federal court *de novo* review is to provide the whistleblower complainant with a timely resolution of her claims. *See Stone v. Instrumentation Lab. Co.*, 591 F.3d 239, 248-49 (4th Cir. 2009) (noting that in providing the alternative forum, Congress balanced speed against resources and rationally weighed timeliness as a more compelling concern). In pursuit of this goal of timeliness, Congress, by providing the alternative federal district court forum, was willing to accept some duplication of efforts and to override "generally favored" preclusion principles. *See id.* However, in circumstances where federal court review obviously would not achieve (and indeed, would only delay) a timely resolution of

---

[7]   App. at 131-138.

a whistleblower claim, the tradeoff is unsupported. In such circumstances, where the efforts of the Department of Labor to resolve the claim would only be needlessly duplicated by the federal district court and the "generally favored" preclusion principles pointlessly overridden—with no timeliness benefits outweighing such consequences—the literal application of Section 1514A(b)'s federal court *de novo* review would lead to an absurd result, clearly unintended by Congress.

Such is the result here. Candler does not seek *de novo* review in this Court to obtain a speedier resolution of her claim. Quite the opposite, Candler clearly seeks review in this Court to prolong the litigation of her claim, increase the costs of defense for URS, obtain a second bite at the apple, and thus place additional pressure on URS to settle. The ARB accepted Candler's petition for review of Judge Rosenow's ruling and established an alacritous briefing schedule (which, if Candler had chosen to comply with, would have had her appellant brief on file by April 19, 2013). Accordingly, if Candler had pursued her appeal with the ARB, Candler could have had a final decision within a short period of time. Instead, Candler chose a second bite at the apple and a second trial over a quick resolution and filed her Complaint in this Court—ironically claiming the benefit of Section 1514A(b)(1)(B), which provides review in this forum for the sole purpose of obtaining a quicker resolution of claims.[8] Because Congress intended Section 1514A(b)(1)(B) to provide a faster resolution to whistleblower claims—<u>not</u> a "do over"

---

[8] In this way, this case is clearly distinguishable from *Stone v. Instrumentation Lab. Co.*, 591 F.3d 239, 248-49 (4th Cir. 2009). The literal application of *de novo* review in federal district court did not lead to absurd results in *Stone* because (although there was some duplication of efforts), it offered the complainant a speedier resolution. In *Stone*, if the complainant had won on appeal before the ARB and the ARB had reversed the ALJ's summary judgment ruling, the case would merely have been remanded to the ALJ for a hearing on the merits. In other words, a successful ARB appeal would not have resulted in a final decision for the complainant in *Stone*. Therefore, *de novo* review in federal court offered the *Stone* complainant a speedier resolution than review before the ARB. Here, in contrast, the opposite is true. For Candler, review before the ARB offers a speedier resolution than *de novo* review before the federal district court, as, in federal district court, the parties will have to prepare for and engage in a second trial, whereas, the ARB, will review Candler's specific objections to the ALJ's findings of fact and conclusions of law based on the established record. Accordingly, for Candler, unlike *Stone*, a successful ARB appeal will result in a speedier final decision. Review in federal district court, on the other hand, will only delay a final resolution.

trial that duplicates litigants' and judicial efforts unnecessarily with absolutely no speed benefits—providing Section 1514A(b) *de novo* review in this case would lead to absurd results. *See Hanna v. WCI Communities, Inc.*, 348 F. Supp. 2d 1322, 1329 (S.D. Fla. 2004) (noting that application of the statute's plain terms might lead to an absurd result where plaintiff had received a decision from the ALJ and review as pending before the ARB.); *Allen v. Stewart Enters., Inc.*, 2:05-cv-04033 (E.D. La. Apr. 6, 2006) (slip op. at 7) ("Clearly, to interpret the plain language of 18 USC 1514A(b)(1)(B) to mandate a *res novo* adjudication after such extensive litigation, that is simply to re-litigate this case in its entirety, would lead to an absurd result."); *see also* 68 F.R. § 31860 (DOL comments regarding 29 C.F.R. § 1980.114) ("The Secretary believes that it would be a waste of the resources of the parties, the Department, and the courts for complainants to pursue duplicative litigation" [in federal district court while a case is pending on review by the ARB after a trial before the ALJ].").

To avoid the absurdity that would result from the literal application of *de novo* review to this case, the Court should exercise its inherent authority to stay these proceedings and issue a mandamus to the ARB to issue a final decision by a certain deadline. *See Allen*, 2:05-cv-04033 (E.D. La. Apr. 6, 2006) (slip op. at 7) (exercising its inherent authority to stay case and issue a mandamus to the Department of Labor to re-instate the proceedings and rule by certain deadline); *Stone v. Duke Energy Corp.*, 2004 WL 1834597, at *1 (W.D. N.C. June 10, 2004) (noting that a court might, upon a finding that significant resources have been expended by the Department of Labor to adjudicate the dispute and that the Secretary appears ready to issue a final order in the near future, issue a writ of mandamus compelling the Secretary to complete the administrative process and issue the final judgment). Such a course of action will avoid the


trial that duplicates litigants' and judicial efforts unnecessarily with absolutely no speed benefits—providing Section 1514A(b) *de novo* review in this case would lead to absurd results. *See Hanna v. WCI Communities, Inc.*, 348 F. Supp. 2d 1322, 1329 (S.D. Fla. 2004) (noting that application of the statute's plain terms might lead to an absurd result where plaintiff had received a decision from the ALJ and review as pending before the ARB.); *Allen v. Stewart Enters., Inc.*, 2:05-cv-04033 (E.D. La. Apr. 6, 2006) (slip op. at 7) ("Clearly, to interpret the plain language of 18 USC 1514A(b)(1)(B) to mandate a *res novo* adjudication after such extensive litigation, that is simply to re-litigate this case in its entirety, would lead to an absurd result."); *see also* 68 F.R. § 31860 (DOL comments regarding 29 C.F.R. § 1980.114) ("The Secretary believes that it would be a waste of the resources of the parties, the Department, and the courts for complainants to pursue duplicative litigation" [in federal district court while a case is pending on review by the ARB after a trial before the ALJ].").

To avoid the absurdity that would result from the literal application of *de novo* review to this case, the Court should exercise its inherent authority to stay these proceedings and issue a mandamus to the ARB to issue a final decision by a certain deadline. *See Allen*, 2:05-cv-04033 (E.D. La. Apr. 6, 2006) (slip op. at 7) (exercising its inherent authority to stay case and issue a mandamus to the Department of Labor to re-instate the proceedings and rule by certain deadline); *Stone v. Duke Energy Corp.*, 2004 WL 1834597, at *1 (W.D. N.C. June 10, 2004) (noting that a court might, upon a finding that significant resources have been expended by the Department of Labor to adjudicate the dispute and that the Secretary appears ready to issue a final order in the near future, issue a writ of mandamus compelling the Secretary to complete the administrative process and issue the final judgment). Such a course of action will avoid the

needless duplication of efforts—with absolutely no corresponding timeliness benefits—that Congress clearly did not intend.

## IV.   CONCLUSION

For the foregoing reasons, URS respectfully asks the Court to dismiss Candler's Complaint in its entirety for lack of subject matter jurisdiction.  Alternatively, URS asks the Court to stay this case and issue a writ of mandamus compelling the ARB to complete its review and issue a final decision by a certain deadline.

Date:  June 21, 2013                                          Respectfully submitted,

/s/Britta Erin Stanton
Britta Erin Stanton
Texas State Bar No. 24036976
Gail A. Hayworth
Texas State Bar No. 24074382
**LYNN TILLOTSON PINKER & COX, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
(214) 981-3800 - Telephone
(214) 981-3839 - Facsimile

**ATTORNEY FOR DEFENDANT**

-12-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served as indicated below on the 21st day of June, 2013:

| | |
|---|---|
| *ECF and* <br> *Courtesy Copy Via Email:* <br> Dan McElroy <br> SUMNER, SCHICK & PACE, LLP <br> Turtle Creek Centre <br> 3811 Turtle Creek Blvd., Suite 600 <br> Dallas, Texas 75219 <br> 214.965.9215 - Facsimile | *ECF and* <br> *Courtesy Copy Via Email:* <br> Wes Bearden <br> JIM BEARDEN & ASSOCIATES <br> 2404 Roosevelt Dr. <br> Arlington, Texas 76016 <br> 817.265.4969 - Facsimile |

/s/Gail A. Hayworth
Gail A. Hayworth

4850-8611-4835, v. 4